# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>TRC GLOBAL SOLUTIONS, INC.<br><br>    Defendant. | Civil Action No. 09-C-934 |

## CONSENT DECREE AND ORDER

On September 28, 2009 the Equal Employment Opportunity Commission ("Commission" or "EEOC") filed this action against defendant TRC Global Solutions, Inc. ("TRC"), alleging that TRC violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, by firing Princess Barksdale in retaliation for complaining about discrimination and retaliation at TRC. The Complaint sought injunctive relief and back pay and compensatory and punitive damages for Ms. Barksdale.

The EEOC and TRC have agreed to this Consent Decree to fully and finally resolve all claims which the EEOC raised in its Complaint in Civil Action No. 09-C-934 (E.D. Wis.). This Consent Decree shall be final and binding on the EEOC and on TRC, TRC's directors, officers, agents, employees, successors, and assigns, and on all persons in active concert or participation with TRC.

**NOW, THEREFORE,** the Court having carefully examined the terms and provisions of this Consent Decree, and based on the pleadings, record and stipulations of the parties, it is **ORDERED, ADJUDGED, AND DECREED THAT:**

1

a.  This Court has jurisdiction over the subject matter of this action and over the parties for purposes of entering and enforcing this Consent Decree.

b.  The terms of this Consent Decree are adequate, fair, reasonable, equitable and just.

c.  This Consent Decree conforms with the Federal Rules of Civil Procedure and is not in derogation of the rights or privileges of any person.  The entry of this Consent Decree will further the objectives of Title VII, and will be in the best interests of the parties, those for whom EEOC seeks relief, and the public.

d.  This Consent Decree shall fully and finally resolve all claims which were raised by EEOC on behalf of Princess Barksdale in its Complaint in Civil Action No. 09-C-934 (E.D. Wis.) arising out of the discrimination charge filed by Ms. Barksdale against TRC, EEOC Charge No. 443-2009-00128C.  The parties agree that this Consent Decree does not resolve any other charges or claims

**RELIEF PROVISIONS**

1.  Injunction.

TRC is hereby permanently enjoined from engaging in any employment practice that violates Title VII.

2.  Compliance with Title VII.

TRC shall comply fully with all provisions of Title VII.  Nothing in this Consent Decree shall be construed to limit TRC's obligations under Title VII or EEOC's authority to process or litigate any charge of discrimination which may be filed against TRC in the future, or TRC's ability to defend against any such claims.

3.  No Retaliation.

TRC shall not engage in, implement, or permit any action, policy, or practice with the purpose of retaliating against any current or former applicant or employee because s/he opposed any action or practice which is unlawful under Title VII. TRC shall not retaliate against individuals who filed a charge of discrimination alleging any such action or practice; testified or participated in any manner in any investigation (including, but not limited to, any internal investigation undertaken by TRC), proceeding, or hearing relating to any claim of employment discrimination in this case or otherwise; or who was identified as a possible witness in this action; asserted any rights under this Consent Decree; or sought and/or received any monetary and/or non-monetary relief in accordance with the law.

4. <u>Dissemination of Policy Statement.</u>

TRC agrees to issue and disseminate to all employees, within 30 days of execution of this Consent Decree and Order, an effective policy regarding retaliation, including a clear and effective statement of the prohibited types of retaliation (including, but not limited to, layoffs or terminations, negative referrals, failures to provide references, etc.) and stating a clear and effective complaint procedure for TRC employees who believe they may have been retaliated against, a procedure for proper and effective investigations, and a clear description of the discipline TRC will impose on offenders. Once each year for the next five years, on or before the anniversary of the date of entry of this Consent Decree and Order, TRC shall re-issue the policy statement to all employees.

5. <u>Training.</u>

TRC shall provide training in regard to the policy described in the preceding paragraph, to all its employees once per year for the next five years from the date of entry of this Consent

Decree and Order.  Such training shall be conducted by one or more outside trainers chosen by TRC with the consent of the Commission, and shall include training in regard to the rights of applicants and employees under Title VII, and the employer's obligations under Title VII, with an emphasis on race discrimination, how to keep TRC free of such discrimination, and what constitutes unlawful retaliation.  Within five business days after each training session has occurred, TRC shall send a letter to Brian C. Tyndall, Senior Trial Attorney, EEOC, 310 West Wisconsin Avenue - Suite 800, Milwaukee, WI 53203-2292, certifying to the EEOC that the training has taken place and that the required personnel have attended.

6. Posting.

Within 10 days of the entry of this Consent Decree, TRC shall post same-sized copies of the Notice attached as **Exhibit A** to this Decree on all bulletin boards in TRC's facilities used for communicating human resources matters to employees.  The notice shall remain posted for five years from the date on which this Decree is entered.  Within 10 business days of the posting, TRC shall send a letter to Brian C. Tyndall, Senior Trial Attorney, EEOC, 310 West Wisconsin Avenue - Suite 800, Milwaukee, WI 53203-2292, enclosing a copy of the Notice as signed by TRC, and stating the dates and locations of the posting.  TRC shall ensure that the postings are not altered, defaced, or covered by other material.  If the posted copies are removed or become defaced or otherwise illegible, as soon as practical TRC shall re-post readable copies in the same manner as previously specified.

7. Certification to Commission.

Upon each annual compliance with the foregoing provisions in paragraphs 4 through 6 of this Injunctive Relief Section, TRC shall promptly certify by a letter to Brian C. Tyndall, Senior

Trial Attorney, EEOC, 310 West Wisconsin Avenue - Suite 800, Milwaukee, WI 53203-2292, that it has complied with them.

8. Reporting.

TRC shall report in writing to the EEOC's Milwaukee Area Office, every six months starting with December 1, 2010 and continuing for five years from the date of entry of this Consent Decree and Order, all formal or informal complaints of race discrimination and/or retaliation, with details including the specific facts of the complaint, the persons involved, and the actions taken by TRC to respond to the complaint.

9. Record Retention.

For five years from the entry of this Consent Decree and Order, TRC shall maintain all records pertaining to the complaints and actions described in paragraph 8 hereof. TRC shall make such records available for inspection by the Commission pursuant to Paragraph 10 hereof.

10. Right of Entry for Inspection.

The Commission shall have the right, on 48 hours' written notice to TRC, to enter upon TRC's offices and inspect any relevant documents or records for the purpose of determining TRC's compliance with this Consent Decree and Order.

11. Monetary Relief

TRC shall, within 10 days of entry of this Consent Decree and Order by the Court, pay $20,000 -- less appropriate deductions on $5,000, the portion of this sum awarded as back pay -- to Ms. Barksdale. TRC shall pay the employer's share of all applicable withholdings on that back pay amount, which shall not reduce the payment to Ms. Barksdale. The balance of the payment, $15,000, is for compensatory damages. TRC shall mail the payments to Ms. Barksdale

at an address provided by the Commission, and shall simultaneously provide a copy of the payment checks to the undersigned counsel for the Commission.

## **MISCELLANEOUS PROVISIONS**

12.     Each party to this Consent Decree shall bear its own costs, attorneys' fees, and expenses.

13.     This Consent Decree shall be filed in the United States District Court for the Eastern District of Wisconsin, and shall continue in effect for five years. Any application by any party to modify or vacate the Consent Decree during that period shall be made by motion to the Court on no less than 30 days' notice to the other party.

14.     This Court shall retain jurisdiction over this action in order to enforce the terms of this Consent Decree.

**SO ORDERED, ADJUDGED AND DECREED this 2nd day of November, 2010.**


                                                *s/ Rudolph T. Randa*
                                                United States District Court Judge


**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1801 "L" Street, N.W.
Washington, D.C. 20507

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, IL  60661

JOHN HENDRICKSON
Regional Attorney

Milwaukee Area Office
310 W. Wisconsin Ave., Suite 800
Milwaukee, WI  53203-2292
Phone  (414) 297-1130

JEAN P. KAMP
Associate Regional Attorney


s/Brian C. Tyndall                              Date: September  30, 2010
BRIAN C. TYNDALL
Senior Trial Attorney


**TRC Global Solutions, Inc.**


By:_s/J. Douglas Berto_____                    Date: October 29, 2010
     President

7

**Exhibit A**

# NOTICE TO ALL EMPLOYEES OF TRC GLOBAL SOLUTIONS, INC.

This Notice is being posted pursuant to a Consent Decree entered by the federal court resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against TRC Global Solutions, Inc. ("TRC").

In its lawsuit, the EEOC alleged that TRC violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, by firing employee Princess Barksdale in retaliation for complaining about discrimination and retaliation at TRC. Title VII is a federal law which prohibits discrimination against employees and applicants for employment based upon race, color, sex, religion or national origin. Title VII also forbids employers to retaliate against employees or applicants who oppose discriminatory employment practices, file a charge of discrimination with a government agency, or testify or participate in an EEOC investigation.

This case was resolved by paying $20,000 to Ms. Barksdale and disseminating a new TRC policy against discrimination and retaliation under Title VII, training employees about the new policy, and reporting to EEOC about any new complaints of discrimination or retaliation. The Consent Decree also provides that:

- TRC will not tolerate or engage in discrimination that violates Title VII.

- TRC will not retaliate against any person because s/he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree.

- TRC will train all of its employees regarding Title VII discrimination and retaliation and TRC's policies prohibiting such discrimination.

EEOC enforces the federal laws against employment discrimination on the basis of race, color, religion, national origin, sex, age, or disability. If you believe you have been discriminated against, you may call the EEOC at (414) 297-1110 or at (800) 669-4000. The EEOC does not charge fees and has employees who speak languages other than English.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE. This Notice must remain posted for 60 months from the date below and must not be altered, defaced, or covered by any other material.**

Date: October 29, 2010        By: _s/J. Douglas Berto_____
                                   President
                                   TRC Global Solutions, Inc.